810

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Galveston Sonny SCOTT, Defendant and Appellant.**

No. 13889.

Supreme Court of Utah.

Oct. 2, 1975.

Phil L. Hansen, of Phil L. Hansen & Associates, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Chief Justice.

Appeal from a manslaughter conviction. Affirmed.

■ Scott killed one Gray with a pistol, —after a few days of feuding. He says *he* was victimized because 1): On his motion to have the jury take a view of the premises, the arena of the bloodletting, the trial court restricted the participants in such view to three bailiffs and the jurors, but would let neither Scott, his lawyer, nor the lawyer for the State go along; and 2): That the trial court erroneously prevented defense counsel from pointing out to the jury that there had been an affray between the parties a couple of days before, involving a rifle. The court concluded that the question of self-defense which defendant had raised was determinable as of the time of the homicide,—which we think was not error.

■ As to 1) Defendant claimed no Constitutional or other statutory or absolute right to participate in the view. Such a view is discretionary according to most authorities, and is governed in Utah by Title 77–31–26, Utah Code Annotated 1953, which affirms such principle when it says "When *in the opinion of the court*" such view is proper, "it may order the jury to be conducted in a body, in the custody of an officer" and to return them into court, etc. Nothing therein gives the defendant or counsel any right or even privilege to be included in the court's discretionary order and hence we see no prejudicial error in the action of the court.

ELLETT, CROCKETT, TUCKETT and MAUGHAN, JJ., concur.